(32 South. 508)

McGEEVER v. O'BYRNE.   (6 Div. 801.)

(Supreme Court of Alabama.   June 12, 1919.)

1. MUNICIPAL CORPORATIONS ⬅705(10) — STREETS — AUTOMOBILES — INVITED GUEST—DUTY—CONTRIBUTORY NEGLIGENCE.

A passenger riding in an automobile at driver's invitation is negligent where, without objection, he permits the driver whom he knows to be intoxicated to drive at the rate of 40 miles an hour on a public street knowing that the car is overloaded and such a passenger's duty to use due care for his own safety is not affected by the question of agency or the pursuit of a joint enterprise.

2. APPEAL AND ERROR ⬅231(2)—NECESSITY OF OBJECTION BELOW—FAILURE TO DEMUR TO PLEA.

Where a plea was objectionable and insufficient as against an apt ground of demurrer, but no such ground was assigned, the defect is not available on appeal.

3. NEGLIGENCE ⬅65—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—RELATIONS.

In a personal injury action between parties between whom no contractual relation exists a plea of assumption of risk may be considered as a plea of contributory negligence, but it must appear that plaintiff knew and appreciated the danger and voluntarily put himself in the way of it.

4. MUNICIPAL CORPORATIONS ⬅706(1) — STREETS — COLLISION — NEGLIGENCE — PROXIMATE CAUSE—PLEADING.

In an action against the driver of an automobile by one riding at his invitation for personal injuries resulting from collision on a city street, facts alleged *held* not to show by necessary implication that the collision was the proximate result of conditions known to plaintiff under which defendant's car was being operated just preceding the collision, although such inference was reasonable, and a demurrer upon the ground that no facts were alleged to show that plaintiff's intoxication proximately caused the injury was insufficient to challenge this defect, since the inference would still remain that it might have resulted from reckless speeding.

5. APPEAL AND ERROR ⬅1066—TRIAL ⬅253(9)—INSTRUCTION—WITHDRAWING ISSUE—HARMLESS ERROR.

An instruction in effect that plaintiff's mere knowledge that defendant was under influence of liquor while driving automobile in which plaintiff was riding and his knowledge of recited circumstances under which the car was being driven on a city street would, as a matter of law, bar any recovery for defendant's simple negligence, withdrew from the jury the essential factor of plaintiff's volition in continuing the journey to the place of collision, as to which the evidence was in dispute, and was prejudicial error.

6. WITNESSES ⬅275(2) — CROSS-EXAMINATION OF PARTY—CONTROL OF AUTOMOBILE.

In an action against a driver of an automobile by one riding at driver's invitation, it was proper to ask defendant on cross-examination if the car was under his control at the time of the collision.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by H. P. McGeever against Fallon O'Byrne for damages for injuries resulting from an automobile collision. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Plaintiff was injured by being thrown from defendant's motorcar while riding therein as defendant's guest; the car at the time being on the crossing of Sixth avenue at Twentieth street in the city of Birmingham. The car was being driven by defendant at a speed of about 40 miles an hour on one of the main thoroughfares and crossings of the city, which was constantly used by motor and other vehicles and pedestrians when it collided with another car whose presence defendant did not observe until he was within 2 feet of it. Besides defendant, another man and two women occupied the single seat of the car, and plaintiff was seated in the doorway with his feet outside on the running board. Plaintiff and his brother were riding with defendant on his personal invitation, and, after driving around to several places where all or some of them drank beer and other intoxicants, the two women were taken in, and the car was driven at a high rate of speed to the point of collision.

Counts 1, 2, and 3 charge that the defendant so negligently managed and operated the car that it collided with another car, and counts 4 and 5 charge that he so willfully or wantonly mismanaged or operated it that it collided with another car, proximately inflicting the injuries complained of. The evidence shows without dispute that the defendant operated the car under the circumstances in a grossly negligent manner, and the only real issues in the case are presented by special pleas 3, 4, and 5, to which demurrers were overruled.

Plea 3 is as follows:

That plaintiff was guilty of contributory negligence which proximately contributed to cause

---

his said injuries, in this, to wit, defendant at the time of the accident was and for the distance of, to wit, a quarter of a mile, immediately preceding the accident, had been driving an automobile on and along one of the main streets in the city of Birmingham, which thoroughfare intersected with other thoroughfares in the city of Birmingham, all of which thoroughfares were in frequent and constant use by motor vehicles and other vehicles and pedestrians, which facts were well known to plaintiff; that defendant, while so driving such automobile, was driving the same at an excessive and reckless rate of speed, to wit, at a speed of 40 miles an hour, and plaintiff, with the knowledge that such car was being so driven at such rate of speed, and with the knowledge that so to drive the same on such thoroughfare was attended with great danger, negligently sat on the front of said automobile with the door open and with his feet extending out and resting on the running board of said automobile when so to do was attended with great danger, which danger was known to the plaintiff, or was obvious to him, or was obvious to a man of ordinary prudence under like circumstances. And defendant avers that as a proximate result of the negligence of the plaintiff in riding in said car under said circumstances and in such position he received the injuries complained of.

Plea 5:

That plaintiff voluntarily assumed the risks of the injuries which he received, in this, to wit, that plaintiff, plaintiff's brother, and defendant, on the afternoon on which plaintiff was injured, went together in defendant's automobile to the Hillman Hotel, and the plaintiff and defendant took several drinks of whisky and beer; that from the Hillman Hotel, which was located in the city of Birmingham, plaintiff, plaintiff's brother, and defendant, in a joint enterprise and adventure, namely, the driving of said car to a place on Fifth avenue for the purpose of getting drinks and taking what is commonly called a joy ride, drove to a place located on the corner of Fifth avenue and Twenty-Fourth street in the city of Birmingham for the purpose of obtaining other drinks of intoxicating beverages; that at such place plaintiff and defendant obtained such other drinks, and that in furtherance of a further joint enterprise and adventure plaintiff, plaintiff's brother, and defendant, accompanied by two women whom they had met at said place of Fifth avenue, left said place together in an automobile; that said automobile had only one seat; that defendant, plaintiff's brother, and the two women were all seated upon said seat; that plaintiff voluntarily took his seat on the front of said car, leaving his legs and feet extending out of the open door on the running board of said car; that in such car in such position plaintiff and others left said house on the corner of Fifth avenue and Twenty-Fourth street at a reckless and dangerous rate of speed, and while traveling at such reckless and dangerous rate of speed, to wit, 40 miles an hour, to wit, a distance of a quarter of a mile from said place where said car had started from at such a dangerous and reckless rate of speed, the accident occurred which resulted in plaintiff's injuries. And defendant avers that plaintiff, with knowledge that defendant was under the influence of intoxicants and with knowledge that the car was loaded above its capacity, as herein above set forth, and that for this reason the driving of the car was rendered dangerous, and with the knowledge that the streets over which said car was being driven were frequently and constantly used by automobiles and other vehicles and pedestrians, willingly and voluntarily rode in such car under such conditions, and with the knowledge thereby assumed the risk of the injuries which he received.

Plea 4 avers the same facts as plea 3, and in addition that defendant at the time was under the influence of intoxicating liquors, and plaintiff, with knowledge that such car was being driven at such rate of speed and with knowledge that to so drive the same on such thoroughfare while defendant was under the influence of intoxicants was attended with great danger, knowingly and willfully rode in such car on such thoroughfare at such rate of speed without protest or objection, which it is alleged an ordinarily prudent man would not have done.

The grounds of demurrer to the several pleas may be grouped as follows: (1) They fail to show facts which in law constitute contributory or assumption of risk; (2) they fail to show that plaintiff had any control of the operations of the car or of the person who was operating it; (3) they show that defendant himself was in control of the car, and do not show any facts which cast upon plaintiff the duty of protesting or warning defendant against driving the car at the alleged high rate of speed; (4) they fail to show any relation of master and servant between plaintiff and defendant; (5) they fail to show or aver that plaintiff's alleged intoxication was a proximate cause of the injury. These demurrers were overruled.

The following part of the oral charge of the court was duly excepted to by the plaintiff:

In one of the defenses set up by the defendant as to the first, second, and third counts of the complaint charging simple negligence on the part of the defendant the defendant says that the plaintiff and the defendant were engaged in a joint adventure that day, that is, of riding in a machine, going from one place to another, for the purpose of getting drinks and for the purpose of enjoying a joy ride, and they were engaged jointly in that enterprise or venture, and that the plaintiff knew of the defendant's condition and of the circumstances under which the adventure was being carried out and executed, more fully set forth in plea No. 5. If you are reasonably satisfied from the evidence in this case that that is true, then the plaintiff would not be entitled to recover under the first, second, or third counts of the complaint charging simple negligence; but, though you might be reasonably satisfied from the evidence that the facts set forth in a defense of that sort are true, it would be no answer as a defense to wantonness on the part of the defendant, that is, if he so conducted himself as to show evidence of wanton conduct or wanton misconduct.

W. T. Stewart and Harsh, Harsh & Harsh, all of Birmingham, for appellant.

Percy, Benners & Burr, of Birmingham, for appellee.

SOMERVILLE, J. The evidence in this case shows without dispute that the defendant, O'Byrne, was guilty of gross negligence in driving his motorcar, loaded with passengers who were his invited guests, at a speed of approximately 40 miles an hour over a crossing of two of the main thoroughfares of the city of Birmingham. It appears also, without the possibility of any conflicting inference, that this reckless misconduct was the proximate cause of the collision with another car, which resulted in the plaintiff's injury.

The liability of the driver of a vehicle to a passenger guest for injury resulting from his lack of due care has been fully settled, and is not here disputed. Perkins v. Galloway, 194 Ala. 265, 69 South. 875, L. R. A. 1916E, 1190.

The decisive issues in the case, both as to law and fact, apart from the question of willful or wanton injury, are therefore to be found in defendant's special pleas 3, 4, and 5, in confession and avoidance of the negligence charged in the simple negligence counts of the complaint.

In actions against third persons for negligence co-operating with the negligence of the driver of the plaintiff's vehicle, it "is well settled in this and all other states, as well as by the federal courts, that the contributory negligence of one in charge of, or control of, a train, car, or other vehicle, cannot be visited upon a person who is a passenger therein, whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person who is driving * * * the same." C. of Ga. Ry. Co. v. Jones, 195 Ala. 378, 70 South. 729; Elyton Land Co. v. Mingea, 89 Ala. 521, 7 South. 666.

[1] But it is equally well settled that such a passenger may nevertheless be guilty of such negligence on his own part as to bar his action.

This phase of the question is well considered and the duty of the passenger clearly stated by the Supreme Court of Massachusetts in Shultz v. Old Colony St. R. Co., 193 Mass. 309, 79 N. E. 873, 8 L. R. A. (N. S.) 597, 118 Am. St. Rep. 502, 9 Ann. Cas. 402, from which we quote with approval the following (after full discussion of the law):

"Applying this statement of the law to the present case, the result is that the plaintiff would not be entitled to recover if in the exercise of common prudence she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed in exercising due care for her own safety, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of the driver. She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself of her own negligence. What degree of care she should have exercised in accepting the invitation to ride or in observing or calling to the attention of the driver perils unnoticed by him depends upon the circumstances at the time of the injury. On the other hand, she would be permitted to recover if, in entering and continuing in the conveyance, she acted with reasonable caution, and had no ground to suspect incompetency and no cause to anticipate negligence on the part of the driver, and if the impending danger, although in part produced by the driver, was so sudden or of such a character as not to permit or require her to do any act for her own protection."

In the recent case of Hardie et ux. v. Barrett, 257 Pa. 42, 101 Atl. 75, L. R. A. 1917F, 444, 16 Neg. & Comp. Cas. 485, it is said:

"The rule is well established that, when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery. In other words, * * * the negligence of the driver is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest dangers."

The late cases affirming this doctrine will be found in the annotations in 16 Neg. & Comp. Cas. 485, and 49 L. R. A. (N. S.) 443.

A recent and well-considered case, which discusses many authorities, is that of Winston's Adm'r v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646, where the court said:

"Even while prosecuting a journey, if the driver becomes intoxicated so as to lose control of the vehicle, or is reckless, and this is known to the passenger, ordinary care requires the passenger to call upon the driver to alight, or turn the management of the vehicle over to another capable of properly directing it, and if the passenger fails to exercise such care and is injured as a result of the negligence or recklessness of the driver and a third person, he may not have recourse of such third person, this being denied him because of his own negligence rather than upon the ground that the negligence of the driver is imputed to him. All recognize the rule that a passenger in any conveyance, public or private, related or unrelated to its driver, must, in order to recover for injuries sustained through the negligence of a third party, be himself wholly free from contributory fault."

It will be observed that all of the foregoing cases were suits against third persons for negligence concurring with the negligence of the driver. But it can make no

difference in principle whether the suit is against a third person, or against him who negligently operates the car; and the duty of the passenger to observe due care under the circumstances for his own safety must be the same in either case. It was so held in the interesting and instructive case of Powell v. Berry, 145 Ga. 696, 89 S. E. 753, L. R. A. 1917A, 306, 13 Neg. & Comp. Cas. 858. Pertinently to some aspects of the present case, it was there said:

"One riding in a car driven by another, though a mere guest and having no control over the person driving the car, may be guilty of such negligence as to preclude a recovery for a personal injury resulting from the negligent operation of the car. If the driver, from intoxication, is in a condition which renders him incapable of operating it with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering the car or in remaining in the car, or in reference to his conduct while in it. So, if a guest took drinks of liquor with the owner and driver of the car, some of the liquor being furnished by the owner and some by the guest, this may be shown for the purpose * * * in the determination whether the guest was negligent."

In the light of these principles it is clear that, with respect to the liability of the driver to his passenger, the duty of the passenger to use due care for his own safety is not affected by the question of agency or the pursuit of a joint enterprise, since an agent or servant is liable to his principal or master for any injury resulting from the former's negligence, and may set up contributory negligence in avoidance of his liability therefor. We do not mean to say, however, that what would be undue reliance upon the care and skill of the driver in actions against third persons would always be so in actions against the driver.

[2] Pleas 3 and 4 set up facts which support the inference of contributory negligence, and are not subject to any of the grounds of demurrer assigned. Plea 4 very clearly intends to charge plaintiff with knowledge of defendant's intoxicated condition, though its language in that regard would not be sufficiently clear against an apt ground of demurrer. But, no such ground having been assigned, that defect is not available here.

[3] Plea 5 sets up facts upon which it is charged that plaintiff assumed the risk of the injury suffered by him. The substance of these facts is that plaintiff joined defendant in a ride for mutual pleasure, and willingly and voluntarily rode in the car for about a quarter of a mile at a speed of about 40 miles an hour, knowing that defendant was under the influence of intoxicants, that the car was loaded above its capacity and its driving therefore dangerous, and that the streets being driven over were constantly used by automobiles and other vehicles.

Technically speaking, the doctrine of "assumption of risk" is founded upon contractual undertakings, and is applicable only to servants in relation to the dangers of their employment, whether naturally incident thereto, or caused by the negligence of the master known to, appreciated and voluntarily encountered by, the servant. As often pointed out by the courts, the doctrine is merely a particular expression of the ancient maxim, "Volenti non fit injuria." King v. Woodward Iron Co., 177 Ala. 487, 59 South. 264; Tobler v. P. M. & M. Co., 166 Ala. 482, 52 South. 86; Osborne v. Ala. S. & W. Co., 135 Ala. 571, 33 South. 687; Miller v. W. B. Monument Co., 141 Iowa, 701, 118 N. W. 518, 18 Ann. Cas. 957, and note, 960–968; 20 R. C. L. 109, § 95.

The phrase "assumption of risk" is, however, sometimes loosely applied to cases where there was no contractual relation between the plaintiff and the defendant, but that use of the phrase "must be confined to cases where the plaintiff knew and appreciated the danger and voluntarily put himself in the way of it." Warren v. Boston, etc., R. Co., 163 Mass. 488, 40 N. E. 897; Gentzkow v. Portland R. Co., 54 Or. 114, 102 Pac. 614, 135 Am. St. Rep. 821. So "as the practical equivalent of the term 'contributory negligence' one frequently finds in the cases the expression 'assumption of risk.' It is said that one who knows and appreciates a danger 'assumes the risk' thereof." 20 R. C. L. 109, § 95.

Practically there can be no serious objection to these uses of the phrase, and "it is often a question of little importance whether a given plea be called one of assumption of risk or a plea of contributory negligence. The more important inquiry is: Are the facts stated in the plea a defense to the cause or causes of action stated in the complaint or declaration?" King v. Woodward Iron Co., 177 Ala. 487, 500, 59 South. 264, 269.

[4] In plea 5, here exhibited, "assumption of risk" is evidently used in the broad sense above noted. The facts alleged do not show by necessary implication that the negligent collision charged in the complaint was the proximate result of the conditions, known to plaintiff, under which defendant's car was being operated just preceding the collision, though such an inference would be perfectly reasonable. However, we find no specific ground of demurrer which properly challenges this defect. Two of the grounds assigned, viz. that no facts are alleged to show that plaintiff's intoxication proximately caused the injury, are not broad enough, since the inference might still remain that the collision resulted from the reckless speed-

ing of the car, regardless of the driver's intoxication.

As for the grounds of demurrer actually assigned, all of these pleas were sufficient, and the demurrer was properly overruled. We have not overlooked the very able analysis and criticism of these pleas in the brief of counsel for plaintiff, but the objections argued are, so far as they may be meritorious, outside the record, and therefore unavailing.

With respect to the issues presented under the several counts of the complaint, and special pleas three and four, the trial judge submitted to the jury the questions of simple and wanton negligence, and the duty of due care imposed by law upon the respective parties as driver and passenger-guest, with instructions which were appropriate and correct.

[5] We think, however, that in the instruction given to the jury as to the defense of assumption of risk set up by special plea 5 the trial court committed a palpable, if inadvertent, error. Whatever may have been intended, the jury were told that, if plaintiff knew of the defendant's condition and of the circumstances under which that adventure was being carried out and executed, more fully set forth in plea No. 5, * * * then the plaintiff would not be entitled to recover under the first, second, or third counts of the complaint." This was, in effect, an instruction that plaintiff's mere knowledge that defendant was under the influence of intoxicants, and his knowledge of the recited circumstances under which the car was being driven, would, as a matter of law, bar any recovery for defendant's simple negligence.

This withdrew from the jury's consideration the essential factor of plaintiff's volition in continuing the journey up to the place of the collision, as to which the evidence was in dispute, and also withdrew from the jury the question of plaintiff's assumption of the risk of injury, which rested in debatable inference.

The instruction was no doubt prejudicial, and may easily have determined the verdict. It must therefore result in a reversal of the judgment.

[6] On the cross-examination of defendant it was proper to ask him if the car was "under his control" at the time of the collision, and the exclusion of the question was clearly erroneous.

It is not necessary to consider other assignments of error.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.