45 So.2d 766

**MOBILE CITY LINES, Inc. v. ORR.**

I Div. 373.

Supreme Court of Alabama.

April 13, 1950.

Johnston, McCall & Johnston, of Mobile, for appellant.

D. R. Coley, Jr., of Mobile, for appellee.

530

STAKELY, Justice.

William R. Orr (appellee) brought this suit against Mobile City Lines (appellant) to recover damages for personal injuries alleged to have been received when a motorcycle on which the plaintiff was riding collided with a bus of the defendant. The complaint consisted of two counts, count 1 being based on simple negligence and count 2 being for wilful or wanton injury. Both counts showed that the collision took place at the intersection of Old Shell Road and Catherine Street, public streets in the City of Mobile. The plea of the general issue was filed to both counts and a plea of contributory negligence to the first count. The court gave the affirmative charge as to count 2 at the request of the defendant. On the request of the plaintiff the court gave the affirmative charge as to the plea of contributory negligence interposed to count 1. The trial resulted in a verdict and judgment for the plaintiff. Motion for new trial was overruled by the court. The appeal is from the original judgment of the court and also from the judgment denying the motion.

On the morning of November 26, 1947 at about 7:30 a. m. the plaintiff was riding on a motorcycle, which was being operated by Melvin R. Tarver. Both the plaintiff and Tarver were seated on the motorcycle in the same seat. The plaintiff was sitting behind Tarver and was holding on to him around the waist. At the time of the accident they were travelling west on the Old Shell Road at the intersection of Catherine Street. Old Shell Road runs east and west and Catherine Street runs north and south. The defendant's bus was travelling south on Catherine street. The motorcycle and the bus collided in the intersection.

I. The appellant insists that it was entitled to the affirmative charge which it requested as to count 1 and which the court refused and further that in any event the verdict and judgment should have been set aside because contrary to the great weight of the evidence. We have considered these contentions with care but cannot agree. Testimony favorable to the plaintiff, Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355, tended to show that the City of Mobile maintained "stop" signs on Catherine Street indicating that traffic should come to a stop before entering Old Shell Road, that the bus pulled up at the Old Shell Road, on which the motorcycle was travelling, as though it would stop, but instead of stopping continued on its way without stopping across Old Shell Road, that the motorcycle which was on the right side of Old Shell Road tried to dodge the bus to go in behind it for which there was not sufficient room, that the motorcycle was running about twenty to twenty-five miles an hour and in trying to avoid the collision the driver of the motorcycle not only swerved to try to dodge the bus, but also applied the brakes on the motorcycle, that the collision took place on the right of the center line of Old Shell Road and that glass

resulting from the collision was scattered all over the intersection.

II. It is argued that the court was in error in giving charge 6 requested by the plaintiff. The position is that the plaintiff, under this charge, relied upon the violation of a municipal ordinance for the purpose of proving negligence against the defendant and yet did not specially plead the city ordinance and allege its violation, but instead relied on a general allegation of simple negligence. In other words it is claimed that the ordinance may be offered in evidence and its violation shown, though not specially pleaded, as a circumstance tending to show the defendant's negligence along with the other evidence, but unless specially pleaded the violation of a municipal ordinance is not negligence per se.

We find it unnecessary to analyze the foregoing contention. The plaintiff introduced in evidence the city ordinance which will appear in the report of the case. The proof also showed that Old Shell Road was at the time of the accident a thoroughfare by city ordinance. But in addition to the foregoing proof, under §§ 21 and 48, Title 36, Code of 1940 the local authorities within their jurisdiction were authorized to designate Old Shell Road as a main or through highway by erecting stop signs at the entrances thereto from intersecting highways. The proof showed that such stop signs were erected and were in place on Catherine Street at its intersection with Old Shell Road at the time of the accident. Presumptively the stop signs were properly and authoritatively so placed at this point. Harris v. Blythe, 222 Ala. 48, 130 So. 548. We think that charge 6 can be considered as based on the state statute. The oral charge of the court shows that the court so considered the matter. The rules of pleading do not require that facts be specially pleaded of which courts commonly take judicial knowledge. City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am.Rep. 422. So a statute need not be specially pleaded. Kansas City, Memphis & Birmingham Railroad Co. v. Filippo, 138 Ala. 487, 35 So. 457. Accordingly there was no error in the action of the court in giving charge 6 on the point under discussion.

Of course the failure to comply with an ordinance or statute is not in every case an actionable wrong and before a plaintiff can recover there must be a causal connection between the failure to comply and the injury. Louisville & N. R. R. Co. v. Christian Moerlein Brewing Co., 150 Ala. 390, 43 So. 723; Sloss-Sheffield Steel & Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 119. Charge 6, however, is merely an abstract statement of law. It does not undertake to state the entire basis of recovery or indicate to the jury that the court assumed anything with reference to the driver of the bus. At the worst if the written charge merely had a tendency to mislead, it could have been corrected by an explanatory charge requested by the defendant. We do not consider that the giving of charge 6 constitutes reversible error. Claude Jones & Son v. Lair, 245 Ala. 441, 17 So.2d 577; Lasseter v. King, 249 Ala. 422, 31 So.2d 588.

III. At the close of the evidence for both parties the plaintiff requested and the court gave the jury his written charge 4 which reads as follows: "4. The court charges the jury that if they believe the evidence in this case, you cannot find for the defendant under plea 2."

The defendant's plea 2 alleges that the plaintiff was guilty of contributory negligence which proximately contributed to his alleged injury. If there was any evidence tending to establish the material allegations of plea 2, a jury question is presented and it was error to give the charge. L. Carpenter & Co. v. Neftel, 203 Ala. 487, 83 So. 471. However negligence, if any, of the driver of the motorcycle is not imputable to the plaintiff unless the plaintiff had charge or control of the motorcycle or its driver. McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508. There is no proof of such charge or control. But it is also settled that the guest on the motorcycle may nevertheless be guilty of such negligence on his part as to bar his recovery. McGeever v. O'Byrne, supra.

The plaintiff was riding as a guest on the motorcycle. He was seated behind Melvin Tarver, the operator of the motorcycle, on a "buddy" seat which was built for

532

two people. He kept his arms around Tarver in order to maintain his position, but this did not interfere with Tarver in operating the motorcycle. According to an ordinance of the City of Mobile, which was introduced in evidence, the speed of automobiles or other vehicles moving over or along the streets of Mobile is prohibited when in excess of 30 miles per hour and a slower speed must be observed wherever traffic conditions are such as to make it manifest for the protection of life and property.

Tendencies of the evidence show that the motorcycle was travelling at a speed of 35 or 40 miles per hour immediately before the accident. Tendencies of the evidence further showed that the motorcycle was travelling on the wrong side of the street and that the collision was on the wrong side of the street, that is south of the center line of Old Shell Road. The testimony of the plaintiff included the following. "I remember passing a woman, one of the police school officer women, somewhere on Shell Road, Gentlemen, I don't know where, but it was a block or two this side of there, and I said There's the lady on the corner, watch the school up there, and I says How fast are we going, he says We are going about 12 or 15 miles, he says I can't go much slower or it will stop on me, I got to have a certain speed; we got to the corner and that is where we had the wreck; * * *."

In discussing the duty of a guest invited to ride on a motor car, this court quoted with approval the following excerpt from Shultz v. Old Colony St. R. Co., 193 Mass. 309, 79 N.E. 873, 8 L.R.A.,N.S., 597, 118 Am.St.Rep. 502, 9 Ann.Cas. 402: "'Applying this statement of the law to the present case, the result is that the plaintiff would not be entitled to recover if in the exercise of common prudence she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed in exercising due care for her own safety, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of the driver. She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself of her own negligence. What degree of care she should have exercised in accepting the invitation to ride or in observing or calling to the attention of the driver perils unnoticed by him depends upon the circumstances at the time of the injury. * * *.'" McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508, 510.

Tendencies of the evidence show that the motorcycle was travelling at an excessive rate of speed on a public street in a city and going at such speed while approaching a street intersection. Tendencies of the evidence showed that the rate of speed was such that although the driver attempted to check the motorcycle by applying the brakes, he was unable to do so and the collision resulted. The plaintiff was riding on the motorcycle immediately behind the driver and was forced to put his arms around the driver to maintain his place. In this position we do not see how the plaintiff could be insensitive to the speed and operation of the motorcycle. Certainly the jury could so infer. In fact the situation was such that it did provoke inquiry by the plaintiff as to the speed at which the motorcycle was travelling. He is presumed to know the contents and effect of the ordinance. True the answer of the driver to his question showed a lawful rate of speed, but under the circumstances it was a question as to his right to abandon the exercise of his own faculties and trust entirely to the care of the driver. The plaintiff made no effort to have the motorcycle stopped and get off, but chose to continue on it in its course. As this court said in Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289, 291, "A person riding in or on a motor vehicle driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury; that is, such care as an ordinarily prudent person would exercise under like circumstances. * * *."

Under all the circumstances the question of contributory negligence was for the jury and charge 4 should not have been given. Utility Trailer Works v. Phil-

lips, supra; Curley v. Mahan, 288 Mass. 369, 193 N.E. 34; Curran v. Earle C. Anthony, Inc., 77 Cal.App. 462, 247 P. 236; Cyclopedia of Automobile Law and Practice, Vol. 10, part 2 pps. 50 et seq.

Since the case must be reversed on account of the ruling of the court on charge 4 given at the request of the plaintiff, we find it unnecessary to pass on other points raised by the appellant on this appeal.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.