72 So.2d 841

**WALKER  v.  BOWLING.**

8 Div. 682.

Supreme Court of Alabama.

May 13, 1954.

Bradshaw, Barnett & Haltom, E. B. Haltom, Jr., Florence, for appellee.

Potts & Young, Florence, for appellant.

## PER CURIAM.

The plaintiff (appellee) sued defendant (appellant) for personal injuries received in a collision of the car in which she was riding as a guest of one Newberry, with a car driven by defendant. The appeal is by

the defendant from a judgment of the circuit court at law granting a motion to set aside a verdict and judgment in favor of defendant. The recitals of the judgment granting the motion show that one reason for doing so was his error in overruling plaintiff's demurrer to plea 3 of contributory negligence. The judgment in that respect recited that:

"Plea 3 alleges that the automobile in which the plaintiff was riding as a guest was being operated by plaintiff's brother-in-law, Newberry, in a negligent manner, at an excessive and reckless rate of speed on a highway which was wet and slippery, etc.; that the plaintiff knew it was being so operated, and that she had knowledge that so to drive was attended with great danger, and that she negligently remained in the automobile without making any remonstrances, etc., and that as a proximate result of plaintiff's negligence in thus riding in the automobile, she received the injuries complained of. But said manner of operating the automobile is not alleged to have been the proximate cause of the accident and injuries in any way, and the court feels that the facts alleged do not show by necessary implication that the negligent collision charged in the complaint was the proximate result of the conditions known to the plaintiff under which Newberry's car in which plaintiff was riding as a guest was being operated just preceding the collision. Plaintiff's demurrer No. 3 as well as other grounds pointed out this defect and the court is of the opinion that error was committed in not sustaining demurrers to defendant's plea 3."

That recital shows one theory on which the trial court acted in granting the motion. It also shows that the case of McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508, 511, had considerable influence on the result reached. As shown by the exerpt from the judgment, the plea averred "that as a proximate result of plaintiff's negligence in thus riding in the automobile, she received the injuries complained of." In the McGeever case, supra, plaintiff was riding with defendant in a motor car. The plea in question (No. 5) was by its terms an assumption of risk. The opinion showed that such designation was not technically accurate, but that its sufficiency was to be tested by its allegations of fact and not by what it is self styled. So that the question treated was whether the plea was good as one of contributory negligence. "The substance of these facts was that plaintiff joined defendant in a ride for mutual pleasure, [there being then no guest statute as now] and willingly and voluntarily rode in the car for about a quarter of a mile at a speed of about 40 miles an hour, knowing that defendant was under the influence of intoxicants; that the car was loaded above its capacity and its driving therefore dangerous, and that the streets being driven over were constantly used by automobiles and other vehicles." Commenting on that plea the opinion notes that there is no allegation nor "necessary implication that the negligent collision charged in the complaint was the proximate result of the conditions, known to plaintiff, under which defendant's car was being operated just preceding the collision". The defect was that the plea did not allege or show that the collision resulted from the alleged speeding of the car regardless of the driver's intoxication. The plea did not allege that plaintiff's conduct was a proximate contributing cause of her injury, or had any connection with it. *Non constat,* the collision might not have resulted from the conditions specified.

In the instant case the plea alleges that she was riding in the automobile with a driver who she knew was incompetent and was advised by him that he intended to drive said automobile as fast as it would go; that the highway was wet and slippery which was known to plaintiff; and Newberry was driving the car at an excessive and reckless rate of speed and at such rate as a reasonably prudent man would not have driven under the circumstances, and that with such knowledge of that by plaintiff and with knowledge of the danger she

negligently sat in said automobile without making any remonstrance to said Newberry or attempting to induce him to drive as a reasonable and prudent person would have done, and plaintiff's said action was attended with great danger which was known to plaintiff and was obvious to her. "And defendant avers that as a proximate result of the negligence of the plaintiff in thus riding in said automobile under said circumstances, she received the injuries complained of."

■ Of course it is plaintiff's negligence which defendant is seeking to set up as a defense. To support such a claim the plea must aver facts which raise a duty to defendant imposed by law and a negligent breach of that duty which must be shown by the allegations of the plea to have been a proximate contributing cause of her injuries.

■ We are now dealing with that feature of the plea which must show that her breach was a proximate contributing cause. Since the adoption of Rule 37 of Circuit Court Practice on June 18, 1942, Code 1940, Tit. 7 Appendix, the requirements for pleading contributory negligence are not as strict as formerly, as when the McGeever case, supra, was decided. There is now no greater strictness in pleading contributory negligence than there has always been in a complaint charging primary negligence. Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200. But the defect pointed out in the McGeever case is not affected by that rule. The defect in plea No. 5, then being considered, was a failure to allege or show that plaintiff's negligence proximately contributed to her injury. She was suing the driver of the motor car in which she was riding, prior to the guest statute, Title 36, section 95, Code, and of course must allege that he proximately caused her injuries by his negligence. The plea did not allege that the negligent collision charged in the complaint was the proximate result of conditions known to plaintiff under which defendant's car was being operated just preceding the collision.

■ But in plea No. 3 in the instant case it is alleged, as we have shown, that plaintiff's injuries were the proximate result of the negligence of plaintiff "in thus riding in said automobile under said circumstances". It could not have so resulted if there had intervened another efficient, independent, sole proximate cause of her injuries. Moore v. Cruit, 238 Ala. 414, 191 So. 252. Such a cause would have insulated her injuries from her negligence, which would not then have been a proximate cause of them. So that when the plea alleges that her injuries proximately resulted from her negligence there described, it eliminates any other intervening efficient cause from sole responsibility, and sufficiently shows that the conduct of Newberry, for which she is alleged to have become responsible by her negligence, was a proximate producing cause; otherwise plaintiff's negligence, so alleged, could not have proximately been so. It had nothing else on which her negligence could stand and be a proximate cause. The defect in the McGeever case, supra, was cured by the allegations in plea 3 which we have quoted above.

■ As a plea of contributory negligence it must allege facts which show a duty imposed by law owing to defendant. Plea 3 alleges that the defendant was not driving the car in which plaintiff was riding, but it was being driven by Newberry. That she was riding as a guest of Newberry, but it does not allege whether she was riding "without payment therefor" within the terms of section 95, Title 36, Code. On demurrer to the plea the inferences are against the pleader. Therefore, if it would be unfavorable to defendant to infer that she was riding without payment therefor, it would be so indulged on a review of the ruling on that demurrer.

■ We will at present assume that the plea means that she was riding gratuitously, and that therefore Newberry owed her no duty except not to willfully or wantonly cause her to be injured. So that she did not owe him any duty in respect to the operation of the car, whose breach would pre-

vent her from recovering any damages for injuries caused her by Newberry while so transporting her if there were any such breach, because his only duty to her was that of willfulness or wantonness.

■■ Then does she owe any duty to the public in respect to the conduct of Newberry, which she does not owe to him? With respect to that question, we first observe that ordinarily Newberry's negligence was not imputable to plaintiff merely as his guest, since there is not alleged any authority for her to control or direct his movements. Moore v. Cruit, 238 Ala. 414, 191 So. 252; Morgan Hill Paving Co. v. Fonville, 224 Ala. 383(10), 140 So. 575; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49. But such a person "is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury". King v. Brindley, 255 Ala. 425, 51 So.2d 870(2) 873.

It is said in McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508, 510, (before our guest statute, supra) : "It can make no difference in principle whether the suit is against a third person, or against him who negligently operates the car; and the duty of the passenger to observe due care under the circumstances for his own safety must be the same in either case." That is quoted in King v. Brindley, supra. In that case the pleas were in short by consent. The complaint alleged that plaintiff was riding in an automobile. The defendants were third persons not driving the car in which plaintiff was riding. The court held that plaintiff was entitled to the affirmative charge for the reason that there was no evidence of negligence on her part which contributed to her injury. The evidence showed that plaintiff in that case was apparently riding in the car for pleasure and not on payment of compensation. That case arose after our guest statute, supra, but it was not discussed.

■■ The duty of the plaintiff to one not the driver in such situation to use due care for her safety is not dependent upon the existence of a duty owing to her driver. Her driver's duty to her is now such as that it does not invoke any reciprocal duty to him by her. There can be no contributory negligence except in response to a charge of negligence. But the duty of a third person to her is not the same as that of a driver to his gratuitous guest. A third person is responsible for negligently injuring her although she is the gratuitous guest of another. Therefore her duty to look out for her own safety is owing to the one who is negligent and may legally be charged with negligence which causes her injury.

■■ The plea therefore sufficiently shows a duty to defendant imposed by law upon plaintiff to exercise a certain amount of care and diligence for her safety and a negligent breach of that duty, and that she received her injury as a proximate result of her negligence in that respect. That seems to be all that is required. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200; Mobile City Lines v. Orr, 253 Ala. 528, 15 So.2d 766; King v. Brindley, 255 Ala. 425, 51 So.2d 870; Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289; Moore v. Cruit, 238 Ala. 414, 191 So. 252; Baker v. Baker, 220 Ala. 201(7), 124 So. 740.

It is insisted by appellee that the judgment of the court should be sustained because there is no evidence to support plea 3, and the affirmative charge as to that plea should have been given, and its refusal is assigned as a ground in the motion.

■■ Without attempting to analyze the evidence the court has carefully considered it and has reached the conclusion that the affirmative charge should have been given as requested by appellee, and that the trial judge was justified in granting the motion for a new trial on that ground.

■■ Appellee seems to be troubled about the general charge as to plea 3 being predicated on a belief of the evidence

rather than reasonable satisfaction from it, and tried to write around that supposed defect. But it is not a defect. As to the affirmative charge it is not a question of being reasonably satisfied of the existence of a certain state of facts or of a certain inference from them, but a belief of the evidence as a whole. When a charge is predicated on a finding by the jury from the evidence of a fact or inference, "reasonably satisfied" is the correct form of hypothesis. That distinction is illustrated in the case of Birmingham Belt R. R. v. Nelson, 216 Ala. 149, 112 So. 422. Charge 7 was the affirmative charge that the driver of the car was guilty of negligence. The hypothesis was properly stated to be that the jury believed the evidence and the court was held to have erred in refusing it. Charge 22 was hypothesized upon a belief from the evidence that the sole proximate cause was the negligence of the driver and was held to be defective in not hypothesizing it on a reasonable satisfaction of that fact or inference from the evidence. Reversible error will not be predicated on giving or refusing such a charge. But that has no application to the general charge. This distinction is apparent in our cases. Bryan v. Ware, 20 Ala. 687; Hall's Heirs v. Hall, 47 Ala. 290; Western Union Tel. Co. v. Louisell, 161 Ala. 231, 50 So. 87; Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621.

Since the judgment of the court should be sustained on that ground, it is not necessary for the benefit of another trial to consider the other contentions presented on this appeal. The judgment should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.