80 So.2d 519

**Wallace HERRINGTON (Herrington Truck Company)**

v.

**Fletcher F. HUDSON.**

**4 Div. 764.**

Supreme Court of Alabama.

May 12, 1955.

Mike Sollie, III, and Chas O. Stokes, Ozark, for appellee.

Chauncey Sparks, Eufaula, for appellant.

PER CURIAM.

This is an appeal by defendant from a judgment rendered for plaintiff in an action at law in which damages were awarded for personal injuries, resulting from the collision of a bus driven by plaintiff and a truck driven by defendant's servant or agent.

The issues submitted to the jury were not guilty and contributory negligence as to count 1 which is simple negligence, and not guilty as to count 2 which is for wantonness. It being understood that the demurrer to pleas 7 and 8 was sustained, therefore those pleas were not submitted to the jury. The trial court also sustained objection to defendant's offer to prove them.

Defendant's special pleas 7 and 8 are as follows:

"7. At the time and place of the alleged injury to the plaintiff, several other people, who were passengers on a public passenger bus then and there being driven by the plaintiff for his

employer, Riley Bus Lines of Ozark, Alabama, were killed or injured, and many law suits were filed against this defendant and the said Riley Bus Lines for damages in the Circuit Court of Barbour County, Alabama, alleging concurrent negligence on the part of the defendants. And the defendant avers that one of said suits was styled Esther Bell, as administratrix of Howard Bell, deceased vs. Riley Bus Lines and Wallace Herrington, in which the plaintiff claimed for the death of her intestate, alleging concurrent negligence on the part of the defendants. The negligence on the part of the defendant in said cause, Riley Bus Lines, was alleged to arise from the conduct of the driver of said bus, the plaintiff, Fletcher F. Hudson, in this case. Upon the trial of said cause the court entered a judgment against the defendants, Riley Bus Lines and Wallace Herrington, for the sum of $6,000.00, which has been settled by the defendants.

"Wherefore, the plaintiff in this cause is estopped from denying he was guilty of contributory negligence in this case.

"8. The defendant adopts the first paragraph of his plea 7, and adds thereto the following to constitute his plea 8: wherefore, the defendant avers that the guilt of the plaintiff, Fletcher F. Hudson, of contributory negligence in this case has been judicially determined, and that question has become *res judicata.*"

The following demurrer was filed to the pleas: (3) "Pleas Nos. 7 and 8 are faulty as a matter of law." (4) "Pleas Nos. 7 and 8 are not good in that the case or cases therein mentioned contain different parties and different portions in different capacities from those herein". The record contains the following entry immediately following the demurrer: "November 24, 1950 —Demur (sic) of plaintiff's to pleas 7 and 8 are sustained". Then follows a formal judgment reciting issue joined between the parties, "thereupon came a jury," etc., setting out their verdict for plaintiff with a formal judgment in favor of plaintiff for the damages assessed.

The demurrer specifies no matter of substance as a defect in the pleas, and for that reason it should not be sustained. Section 236, Title 7, Code. This statute prohibits a general demurrer at law. But in order to review a ruling on the demurrer there must be in the record a formal judgment of the court in that respect. The memorandum which is set out above is all that appears in the record as a ruling on the demurrer to pleas 7 and 8. It is not such a judgment as will support an assignment of error. Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Tallassee Falls Mfg. Co. v. Western Ry. Co., 128 Ala. 167, 29 So. 203; Chambers v. Morris, 144 Ala. 626, 39 So. 375; Weems v. Weems, 253 Ala. 205, 43 So.2d 397.

We note there is a sufficient judgment sustaining the demurrer to pleas 2 and 3. But appellant in brief waives a review of that ruling. We are not only unable to review the sufficiency of pleas 7 and 8 without a judgment of the court in proper and sufficient form, but the principle involved cannot be presented by a ruling sustaining plaintiff's objection to evidence supporting those pleas. Evidence is not admissible unless it is pertinent to an issue made by the pleading. Cox v. Brown, 198 Ala. 638(5), 73 So. 964. The only issue as to pleas 7 and 8 is one of law attempted to be set up in a demurrer on general grounds. There is no issue of fact attempted to be joined on those pleas. The objection was properly sustained for that reason. Therefore, no ruling is presented for our review in respect to the matter contained in pleas 7 and 8.

Assignments of error 8, 12 and 13.

These assignments relate to the refusal of charges F, 2 and 4, requested by appellant. They could have been refused without error because the hypothesis stated is not for the jury to be "reasonably satisfied" as required by law. Except as to the affirmative charge, Walker v. Bowling,

261 Ala. 46, 72 So.2d 841[13], reversible error will not be predicated on the giving or refusal of a charge not so hypothesized. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149(5), 112 So. 422; Louisville and Nashville R. Co. v. Abernathy, 197 Ala. 512(3), 73 So. 103; Walker v. Bowling, supra. Moreover, the charges are defective in not including in the hypothesis an absence of negligence on the part of defendant in the operation of the truck cooperating with the sudden breaking of some part of it. The breaking might have been due in part to negligence in the operation of the truck, although the operator might have exercised due care after the breaking occurred.

 Charge F could also have been refused without error because it uses the term "unavoidable accident". Kelly v. Hanwick, 228 Ala. 336(9), 153 So. 269; Couch v. Hutcherson, 243 Ala. 47(10), 8 So.2d 580, 141 A.L.R. 697; Sloss-Sheffield Steel & Iron Co. v. Willingham, 243 Ala. 352(7), 10 So.2d 19.

Assignments of error 3, 4, 5, 6 and 7.

 Assignment No. 3 being for the refusal of appellant's motion for a new trial, and assignments 4, 5, 6 and 7 for the refusal to grant affirmative charges requested by the defendant (appellent), all of those assignments being discussed together, present the one question of whether or not appellant was due to have the affirmative charge given to him as requested. One argument in that connection is based upon the fact that the complaint charges that a servant, agent or employee of the defendant acting in the line and scope of his employment as such "negligently ran said truck-tractor and trailer upon or against a passenger bus". It is insisted by appellant that the evidence shows the collision resulted from a defect in a spring of the trailer and when it struck a bump in the road the spring broke causing the brakes to become useless and the driver helpless to guide and direct the movement of the trailer. The complaint is not predicated upon the negligent act of the defendant in putting a dangerously defective appliance in use on the highway, but only

charges negligence in the operation of the truck. But the jury could find from the evidence that the operator of the truck was negligent in running it at an excessive rate of speed while it was in a defective condition and into a depression in the road, and that all of which might have been avoided by reasonably careful operation. The evidence shows that the trailer was flat without a body and was used for hauling cotton, but was empty on this occasion, and that its front corner on the left hand side stuck into the bus and ripped it open to the back while it was traveling on its left side of the center line of the road. That this would not have occurred unless there was something like a "jack knife" status whereby the tractor's front end pointed to the right leaving the left hand corner of the flat bottom trailer extending out to the left across the center line and the trailer traveling very rapidly. If the tractor and trailer were in a direct line with each other that would not have occurred. There was also evidence from some of the witnesses that when the trailer struck the bus the corner of the trailer was three or four inches beyond the center line of the highway. While others testified it was two or three feet over the center line.

It is not for us to decide the issues of fact in the case, but whether there is sufficient evidence upon which the verdict of the jury may be predicated. If there is a conflict in the evidence in a material respect it is for the jury to settle that conflict and not for the court, and the court cannot withdraw it from the jury by an affirmative instruction. There was a conflict in the evidence with respect to the location of the trailer across the middle line on the highway, and also with respect to the speed of the trailer at the time of the accident and the speed of the bus at that time—all of which was material upon the question of negligence in the operation of the truck. The affirmative charges would withdraw those questions from consideration by the jury. So that it is our view that the assignments of error now under discussion cannot be sustained.

We have examined all of the assignments of error which are discussed in brief

of appellant's counsel to the extent that review is available. We do not find reversible error in respect to those matters and, therefore, the judgment should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.