89 So.2d 184

Homer L. HOMAN et al.

v.

STATE of Alabama ex rel. J. E. SMITH.

8 Div. 832.

Supreme Court of Alabama.

Aug. 2, 1956.

Bradshaw, Barnett & Haltom, Florence, for appellants.

Harold T. Pounders, Florence, for appellee.

LAWSON, Justice.

This appeal is by the respondents, all of the members of the Board of Commissioners of the Town of Muscle Shoals, from a judgment of the Circuit Court of Colbert County, awarding peremptory writ of mandamus ordering, directing and commanding them as such commissioners "to forthwith call an election for and in the Town of Muscle Shoals, a municipal corporation in Alabama, to decide the question whether said town shall be annexed to the City of Sheffield, a municipal corporation in Alabama, and to pass the necessary Ordinance providing for such an election to be held not less than thirty days after the passage of the Ordinance, in accordance with the provisions of Title 37, § 188."

Section 188, Title 37, Code of 1940, as amended, reads:

"When two or more municipalities lying contiguous to each other desire to consolidate and operate as one municipality, they may do so in the manner following. If it is the purpose to annex a city or town to another municipality, then each city or town shall express a willingness to such annexation by adopting an ordinance of the council, and the council of the municipality to be annexed shall thereupon call an election to be conducted in the same manner as other municipal elections by officers selected by the council. The election shall be held not less than thirty days after the passage of the ordinance. If at the election, conducted under the same sanctions and penalties as general elections, a majority of the qualified elec-

tors voting shall vote for annexation upon official ballots furnished for that purpose, then upon a canvass of the returns, made as in general municipal elections, showing such results, the territory within the corporate limits of such city or town shall become a part of the annexing municipality and may be divided into wards or annexed to wards already established. Upon a presentation to the council of a petition signed by fifty qualified electors of the city or town, or fifty per cent of the qualified electors thereof, whichever is the least, requesting an election to be held to decide whether such city or town shall be annexed to another city or town, it shall not be necessary for the council to pass an ordinance expressing a willingness to be annexed, but the council shall pass the necessary ordinances providing for an election by the qualified electors of the city or town to decide the question. (1947, p. 495, appvd. Oct. 9, 1947.)"

It is now the settled rule in Alabama that a mandamus proceeding to compel a public officer to perform a legal duty in which the public has an interest, as distinguished from an official duty affecting a private interest merely, is properly brought in the name of the State on the relation of one or more persons interested in the performance of such duty to the public unless the matter concerns the sovereign rights of the State, in which event it must be instituted on the relation of the Attorney General, the law officer of the State. Kendrick v. State ex rel. Shoemaker, 256 Ala. 206, 54 So.2d 442, and cases cited. The act sought to be performed does not concern the sovereign rights of the State and is one in which the public, all of the people of the municipalities involved, have an interest. We hold that this mandamus proceeding was properly brought in the name of the State on the relation of J. E. Smith, and that the trial court did not err in overruling motion of appellants to require Smith to show by what authority the suit was filed in the name of the State of Alabama.

When a city passes an ordinance, the presumption applies that it did what was necessary to make that ordinance valid. When an ordinance is not invalid on its face, the burden of alleging and proving facts to support claims of invalidity is on the party so asserting. Titus v. Braidfoot, 226 Ala. 21, 145 So. 423; Rose v. City of Andalusia, 249 Ala. 333, 31 So.2d 66; Walls v. City of Guntersville, 253 Ala. 480, 45 So. 2d 468. The trial court, therefore, did not err in admitting in evidence the original "resolution", as contained in the ordinance book of the City of Sheffield showing that city's willingness to annex the Town of Muscle Shoals, although the "resolution" shows that after such annexation, if it comes to pass, an effort will be made to return part of the territory presently included in the Town of Muscle Shoals, to a "county status." It was proper for the trial court to order a substitution in the record of a certified copy of the so-called "resolution" so as not to deprive the City of Sheffield of the use of its original ordinance book during the course of this litigation.

The only other assignments of error argued in brief filed here on behalf of appellants are to the effect that the trial court erred in overruling demurrers addressed to the petition and to the petition as amended. The only reference which we can find in the record to any action on the demurrers appears on page three of the transcript and is as follows: "By the Court: I overrule the Demurrers to the petition as last amended." That is not such a decree as will support an assignment of error. In order to review a ruling on the demurrer there must be in the record a formal judgment of the court in that respect. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519 and cases cited. See Mangham v. Mangham, 263 Ala. 672, 83 So.2d 721.

The judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.