174 So.2d 301

James Harrison BURNHAM et al.

v.

CITY OF MOBILE et al.

I Div. 255.

Supreme Court of Alabama.

April 15, 1965.

M. A. Marsal and Howell, Johnston & Langford, Mobile, for appellants.

Ralph Kennamer and Vickers; Riis, Murray & Curran, Mobile, for appellees.

SIMPSON, Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County rendered in a declaratory judgment action commenced on the law side of the court which adjudged as valid an amendment to the zoning ordinance of the City of Mobile by rezoning an area five to eight acres in size from a residentially zoned area to a neighborhood shopping center area.

Appellants are property owners in the neighborhood of the rezoned property. Appellees, other than the City of Mobile, are the owners of the rezoned property, and various persons who were allowed to intervene in favor of the requested rezoning ordinance.

Appellants complain of two basic errors:

(1) The trial court erred in striking plaintiff's demand for a trial by jury; and

(2) The trial court erred in holding the ordinance valid in that it is arbitrary, capricious, unreasonable and unintelligible.

Appellees filed a motion to dismiss the appeal but since we affirm the judgment appealed from, we do not write to this motion.

■ In a declaratory judgment action, the party seeking a jury trial is entitled thereto if he would have had such right in the cause of action for which the declaratory relief may be considered a substitute. Reed v. Hill, 262 Ala. 662, 80 So.2d 728.

■ Is a proceeding to test the validity of a zoning ordinance such an action? We think not. Clearly, we think the construction of a zoning ordinance is a question of law. 8 McQuillin, Municipal Corporations, Zoning, § 25.71. The testimony in this case consists of opinions of the witnesses as to whether the needs of the community would best be served by amending the comprehensive zoning ordinance of the

City of Mobile to allow the building of a neighborhood shopping center on the property involved. These are matters of legislative cognizance. Certainly a jury should not be allowed to substitute its judgment for and assume the responsibilities of the city commission in making decisions of this nature.

In fact this Court has held that where a statute provided for an appeal from a decision of a municipal zoning decision to the Circuit Court for a trial de novo, the same was violative of the sections of the constitution providing for separation of powers of government into branches. Ball v. Jones, 272 Ala. 305, 132 So.2d 120.

Surely, if the appellants could not be entitled to a trial de novo on an appeal to the Circuit Court from the action of the city commission in amending the zoning ordinance of the City of Montgomery in the Ball v. Jones case, these plaintiffs cannot evade the holding in that case by proceeding under the declaratory judgment act and demanding a trial by jury.

■ We stated in that case that judicial review of the actions of the city commission was limited to determining the enactment's validity under the police power of the municipality, noting "the enactment of zoning ordinances is a legislative and not a judicial function and the only review which the circuit court could properly undertake would be to determine whether or not the City Commission acted arbitrarily, unreasonably, or unlawfully in enacting the ordinance". Further, in this case we stated:

"* * * that if an appeal to the circuit court is allowed from the enactment of zoning ordinances, with a trial de novo and *possibly a trial by jury* if demanded, the conduct of the trial and judgment or verdict of the jury will supplant the considered judgment of a legislative body, the City Commissioners * * *." (Emphasis supplied.)

**662**

We believe it is clear, therefore, that the court did not err in striking the demand for a trial by jury. See also Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659.

It should be noted that here, as in the cases cited, we are concerned with a review of the action of the city commission and not the action of a board of adjustment or similar body, in which cases the scope of review is entirely different.

We turn now to the second alleged error complained of, i. e., did the court err in failing to invalidate the zoning ordinance on the ground that it is unreasonable and arbitrary?

■ In this connection, appellants argue that the ordinance is invalid because it was not advertised in accordance with the statute. However, no issue was made of this point at the trial level and the record is silent on the question of advertising the ordinance prior to its passage. Municipal ordinances are presumed to be validly and properly enacted and unless invalid on its face the burden is upon the person attacking one to show its invalidity. Rose v. City of Andalusia, 249 Ala. 333, 31 So.2d 66; Homan v. State, ex rel. Smith, 265 Ala. 17, 89 So.2d 184.

■ Is the ordinance involved here unreasonable on its face or in its application? True, a zoning ordinance cannot be validly enacted or amended on the basis of mere whim or pleasure of municipal authorities. 8 McQuillin, Municipal Corporations, § 25.60. But a court's power to inquire into, review and set aside municipal zoning ordinances is subject to definite limitations. Unless the ordinance is clearly arbitrary and unreasonable and amounts to but an arbitrary fiat, the court will not substitute its judgment in this purely legislative field. Leary v. Adams, 226 Ala. 472, 147 So. 391; White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84.

■ We have carefully reviewed the record in this case. It is obvious that the city commission of Mobile thought that the needs of the community would best be served by allowing the property involved to be used for the construction of a neighborhood shopping center. Many witnesses agreed. Under these circumstances, we cannot find that the city acted in an unreasonable and arbitrary manner in so amending its zoning ordinance.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.