The plaintiffs, J.B. Bowden and his wife, Metta Bowden, appeal from the denial of a new trial following a jury verdict in favor of the defendant, E. Ray Watson Company, Inc. ("Watson"), in their action alleging negligence and wantonness[1] on the part of the defendant in the operation of a tractor-trailer.
The jury heard testimony that on April 2, 1989, a tractor-trailer, after experiencing a "blowout" to the left steering tire, crashed into the Bowdens' home, resulting in damage to the home and other property owned by the Bowdens. The tractor-trailer was driven by a independent driver, Billy Ray Hill. Watson leased the tractor from Alice Wyatt. Watson owned the trailer that the tractor was pulling.
At trial, the jury returned a verdict in favor of Watson. The trial court entered a judgment for Watson, after which the Bowdens filed a motion for JNOV or, in the alternative, a new trial on the grounds that the verdict was contrary to law and was against the great weight of the evidence. The trial court denied that motion.
Unless a jury verdict is unsupported by the evidence or is against the weight of the evidence, so as to be palpably wrong and manifestly unjust, a judgment based upon that verdict, which was sustained by the trial court's refusal to grant a motion for a new trial, will not be reversed on either an "insufficiency of the evidence" ground or on a "weight of the evidence" ground. Cloverleaf Plaza, Inc. v. Cooper Co.,565 So.2d 1147 (Ala. 1990). " 'A jury verdict is presumed correct, and no ground for a new trial is more carefully scrutinized or more rigidly limited than an assertion that a jury verdict is against the weight of the evidence.' " Id. at 1149 (quotingHallman v. Summerville, 495 So.2d 626-27 (Ala. 1986)).
The Bowdens argue that although the tractor was not owned by Watson, Watson voluntarily "assumed a duty to protect the general public from harm from the operation of its trucking operation when it set up a safety department, began actively inspecting the trucks, and made decisions regarding whether or not a truck was roadworthy (regardless of who the actual owner of the truck was, and regardless of any contractual obligation, of the owner of the truck, to maintain his truck in a safe condition)."
In support of their argument that Watson breached its assumed duty of inspection, the Bowdens point to the testimony of Watson's former safety director, Terri Ford, who testified that after inspecting the tires on the tractor on April 1, 1989, she made a written report recommending that the two steering tires be replaced. The Bowdens also point to the testimony of E. Ray Watson, president of E. Ray Watson Company, Inc., who testified that a dispatcher for Watson, with knowledge of *Page 946 
Ford's report, allowed the tractor to leave the "yard" without replacing the tires. Last, the Bowdens argue that Watson's negligence in failing to replace the tires is conclusively established by the fact that Watson, on its own initiative, reimbursed Alfa Insurance Company for the claims paid to the Bowdens arising out of the accident.
Conversely, Watson contends that the testimony the Bowdens rely upon was contradicted by testimony and other evidence presented at trial; e.g., the driver of the tractor-trailer, Billy Ray Hill, testified that it was ultimately his choice to drive the tractor-truck, Ford's report notwithstanding. The equipment contract between Alice Wyatt, as owner of the tractor-truck, and Watson, as lessee of the tractor, clearly stated that Wyatt was responsible for furnishing "all equipment and supplies, including fuel, oil, [and] tires."
In order to prove a claim of negligence, a plaintiff must establish a breach of a duty owed by the defendant to the plaintiff and must establish that the breach proximately caused damage to the plaintiff. Thompson v. Lee, 439 So.2d 113
(Ala. 1983).
Alabama clearly recognizes the doctrine that one who acts on his own volition, although under no duty to act, is thereafter charged with the duty of acting with reasonable care and is liable for harm caused by failing to so act. Osborn v. Brown,361 So.2d 82 (Ala. 1978). The question of whether one voluntarily assumed a duty through affirmative conduct is a matter to be determined in light of all the facts and circumstances. Parker v. Thyssen Mining Const., Inc.,428 So.2d 615 (Ala. 1983).
Factual disputes are to be resolved by the trier of fact. In the instant case, the jury was entitled to infer from the totality of the evidence that Watson was not guilty of any negligence that proximately caused the tractor-trailer to crash into the Bowden home. As this Court has observed:
 " 'It is not for us to decide the issues of fact in the case, but whether there is sufficient evidence upon which the verdict of the jury may be predicated. If there is a conflict in the evidence in a material respect it is for the jury to settle that conflict and not for the court. . . .' "
Cloverleaf, supra, at 1149 (quoting Herrington v. Hudson,262 Ala. 510, 514, 80 So.2d 519, 522 (1955)).
In summary, we note that the evidence was such that a reasonable jury could have gone either way; however, the jury returned a verdict in favor of Watson, and this Court is unable to discern any reason to disturb the judgment entered thereon.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] At the close of the plaintiffs' case, the trial court granted the defendant's motion for a directed verdict on the wantonness count; no issue is raised on appeal concerning that directed verdict.