83 So.2d 721

**Wylie P. MANGHAM**

**v.**

**Mae Clements MANGHAM.**

.5 Div. 628.

Supreme Court of Alabama.

Nov. 28, 1955.

Wm. C. Hare and Harry D. Raymon, Tuskegee, for appellant.

L. J. Tyner, Opelika, and Edw. H. Reynolds, Notasulga, for appellee.

MAYFIELD, Justice.

This is an appeal from the Circuit Court of Macon County, Alabama, in Equity. The threshold question is whether or not a decree was entered in this cause that will support an appeal.

The appellant and appellee are husband and wife. The complainant-appellee filed her bill of complaint on 8 February 1955 seeking a divorce from the respondent-appellant, and other relief involving certain real and personal property. On 8 March 1955 the appellant respondent demurred to the bill of complaint. A hearing on the demurrer was set by the Court for 30 June 1955. The only ruling of the

Court on this demurrer as reflected by the record now before us is:

"Bench Note

"June 30, 1955. Demurrer to Complaint is overruled, and the Respondent has 30 days in which to plead further.

"Will O. Walton, Judge"

There is no other ruling or decree in the record relative to the trial Judge's action on the demurrer.

■ The Court has uniformly held that to support an appeal there must be a judgment or decree complete in itself; it must appear to be the act, the adjudication of the Court, and not a mere memorandum of its acts. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Creson v. Main, 254 Ala. 369, 48 So.2d 306; Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194; Alabama Nat. Bank v. Hunt, 125 Ala. 512, 28 So. 488; Crawford v. Crawford, 119 Ala. 34, 24 So. 727; Condon v. Enger & Co., 113 Ala. 233, 21 So. 227; Mann v. Hyams, 101 Ala. 431, 13 So. 681.

■ As was said in the case of Park v. Lide, 90 Ala. 246, 7 So. 805, which was also an appeal on demurrer to a bill of complaint:

"This record does not sufficiently present the action of the chancery court on the demurrer to the bill to enable us to review it. No decree in that behalf appears in the transcript. What seems to be a mere docket memorandum of the chancellor is transcribed; but that is not a decree, but a mere direction of the chancellor to the register, which may or may not have been developed into a decree by formal incorporation into the minutes of the court. We cannot consider assignments of error based on it. Baker v. Swift, 87 Ala. 530, 6 So. 153."

In view of the long unbroken line of Alabama cases holding that a formal de-

cree is necessary to support an appeal and that a bench note or docket memoranda will not support an appeal, we are reluctantly drawn to the conclusion that the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.