93 So.2d 151

Marie MICKWEE

v.

Ulma Lee BOTELER et al.

6 Div. 918.

Supreme Court of Alabama.

Feb. 28, 1957.

Robt. S. Gordon and Chas. Cleveland, Birmingham, for appellant.

John A. Jenkins, Birmingham, for appellee Mary Nell Boteler.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee Tel. Co.

GOODWYN, Justice.

Marie Mickwee, appellant here, filed a bill in the circuit court of Jefferson County, in equity, alleging that over a period of several years the respondent Ulma Lee Boteler had made incessant telephone calls to the home of complainant for the purpose of harassing complainant and alienating the affections of her husband. It is further alleged that the calls have disrupted her home and "amount to a private malicious nuisance". It appears from the bill that Ulma Lee Boteler is single and lives in an apartment with her sister, Mary Nell Boteler who is also joined as a party-respondent.

The bill has several aspects. One prayer seeks to have Ulma Lee enjoined from making any further calls to complainant's home or to the homes of eight of complainant's friends and relatives listed in the bill. The court is also asked to order the respondent Mary Nell Boteler to refuse to allow her sister to use the phone in their apartment for the purpose of making further nuisance calls. The following relief

is sought as to Southern Bell Telephone and Telegraph Company, also made a respondent: That it be required to remove the Boteler telephone or, in the alternative, to monitor and keep records of all calls from the Boteler telephone to the home of complainant and the homes of her eight friends and relatives listed in the bill.

A demurrer to the bill was filed jointly by respondents Ulma Lee and Mary Nell Boteler. The ruling on this demurrer was as follows:

"Respondents Ulma Lee Boteler and Mary Nell Boteler jointly demur. Southern Bell Telephone and Telegraph Company demurs separately.

"Ground three of joint-demurrer of Ulma Lee and Mary Nell Boteler: 'For that said bill does not show any ground upon which relief might be granted as to respondent Mary Nell Boteler', seems well taken.

"The same is sustained, and the said Mary Nell Boteler is stricken as party respondent herein.

"As to grounds one, two, four, five and six, demurrer is overruled. Respondent Ulma Lee Boteler is allowed twenty (20) days in which to plead further."

The Telephone Company filed a separate demurrer, which was ruled on as follows:

"Submission upon demurrer by respondent Southern Bell Telephone and Telegraph Company has been accorded the fullest consideration. It is, therefore,

"Ordered, Adjudged and Decreed by the Court, that the said demurrer is well taken and is hereby sustained. Complainant is allowed twenty (20) days from this date in which to amend."

This appeal is by complainant "from the decree * * * sustaining the demurrers of Mary Nell Boteler and the Southern Bell Telephone & Telegraph Company."

## Motion To Dismiss

■ The first question, presented by motion of appellee Mary Nell Boteler, is whether the ruling on the Boteler demurrer is such a judgment or decree as will support an appeal or an assignment of error. We must hold that it is not. Our cases are uniform to the effect that only a formal adjudication by the court will support an appeal or assignment of error. Mangham v. Mangham, 263 Ala. 672, 83 So.2d 721; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Hiller v. Goodwin, 258 Ala. 700, 65 So.2d 152; Weems v. Weems, 253 Ala. 205, 43 So.2d 397; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513; Cooper v. Owen, 230 Ala. 316, 161 So. 98; Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194; McDonald v. Alabama Midland Railway Co., 123 Ala. 227, 26 So. 165; Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583. As stated in the last cited case, 112 Ala. at page 255, 20 So. at page 586:

"* * * There should in all cases be a formal entry of the submission on demurrers to specified pleadings, a recital of consideration thereof by the court, and a formal adjudication, such as, 'It is, therefore, considered and adjudged by the court that the demurrers,' * * * 'be, and they are hereby, overruled,' or sustained, as the case may be."

## Demurrer of Telephone Company

Complainant, in her bill, seeks an order requiring the Telephone Company to discontinue service to the Botelers or, in the alternative, "to monitor and keep complete records as to date, number and duration of time, of all telephone calls made by respondent, Ulma Lee Boteler, to any of the following persons or to any of the following telephone numbers" (list of eight).

Appellant's theory of the case seems to be this: That the Telephone Company, as a public utility, is under a duty to use all

reasonable and proper means to provide effective, prompt and adequate service to its subscribers; that the only way appellant can secure such service is to require the Telephone Company to remove the Boteler telephone, or to supervise its use so that the respondent Ulma Lee Boteler cannot impair appellant's satisfactory use of her telephone by incessant nuisance calls.

In appellant's brief the question presented is said to be as follows:

"Does a public utility, operating a telephone system and service, have any duty to aid a customer who is the victim of an incessant campaign of nuisance telephone calls from another customer of the same telephone company?"

With respect to this question it is stated as follows:

"* * * The appellant is unable to find any authority in any jurisdiction which specifically rules on this point. [We here note the following from brief on behalf of the Telephone Company: "Our search likewise has revealed no decisions directly in point with this case."] However, the law of Alabama imposes a duty on the telephone company to provide complainant with 'adequate' telephone service and to use all reasonable and proper means within its control to provide effective, prompt and adequate telephone service. Alabama Code of 1940, Title 48, Section 34; Vinson v. Southern Bell Telephone & Telegraph Co., 188 Ala. 292, 66 So. 100, L.R.A.1915C, 450."

It is apparent that appellant bases her right to relief against the Telephone Company on the supposed failure of the Company to render her adequate service as required by Code 1940, Tit. 48, § 34. This section is as follows:

"Every utility shall maintain its plant, facilities and equipment in good operating condition and shall set up and maintain proper reserves for renewals, replacements and reasonable contingencies. Every utility shall render adequate service to the public and shall make such reasonable improvements, extensions and enlargements of its plants, facilities and equipment as may be necessary to meet the growth and demand of the territory which it is under the duty to serve."

The argument, as we understand it, is that Ulma Lee's calls prevent appellant from receiving adequate service, which she is entitled to, and that since the Telephone Company can remedy the situation by discontinuing telephone service to Ulma Lee (It is not clear from the bill which of the Botelers is the subscriber. We are treating it as though Ulma Lee is.), it should be required to do so. We are unable to follow this argument.

There is no question that it is the duty of a telephone company, as a public utility, to use all reasonable means to provide its patrons with adequate and efficient service. Vinson v. Southern Bell Telephone & Telegraph Co., 188 Ala. 292, 301, 66 So. 100, 102, L.R.A.1915C, 450; 86 C.J.S., Tel. & Tel., Radio & Television, § 66, p. 81. But there is nothing here to show that the Telephone Company's service is either inadequate or inefficient. If anything, the alleged circumstances disclose a more than adequate service.

The facts alleged in the bill show a personal controversy which is solely between the complainant and respondent Ulma Lee Boteler. The telephone is a passive, impersonal service. If it is used as an instrumentality for the creation of a private nuisance the responsibility for the nuisance rests with the individual who abuses the service and not with the Telephone Company.

Although in Vinson v. Southern Bell Telephone & Telegraph Co., supra, the action was at law for damages for failure of the company to render service to a pa-

**548**

tron, due to the company's negligence, what was there said seems appropriate, by analogy, to the instant case, viz.:

"It is the duty of telephone companies maintaining lines and exchanges for the purpose of affording patrons the means of telephonic communications to exercise in that public service a character and degree of care and diligence and skill commensurate with their undertaking. All reasonable and proper means and agencies within their control should be employed to secure effective, prompt, and accurate service. The duty exacted comprehends reasonable and proper care, skill, and effort to afford for the service undertaken suitable appliances, instruments, and apparatus, and competent and skilled servants, agents, and operators. And if the appliances, instruments, or apparatus are defective, or if the operatives are incompetent or unskilled, or if there is other negligence in respect of the service undertaken, liability attaches for the loss or damage proximately resulting therefrom to one entitled to proper, prompt, and efficient service. Such companies are not insurers; and *where the service undertaken is interfered with, or rendered ineffectual by, uncontrollable causes—causes not traceable or ascribable to negligence or intentional misconduct in respect of the duty assumed—such companies are not liable for a tortious breach of duty.* 2 Joyce on Elec. Law, § 733." [Emphasis supplied.]

We find no error in the ruling on the Telephone Company's demurrer.

Motion of appellee Mary Nell Boteler to dismiss the appeal taken from the ruling on her demurrer to the bill is granted.

The decree sustaining the Telephone Company's demurrer to the bill is affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.