168 So.2d 266

**James STONE**

v.

**STATE.**

**8 Div. 955.**

Court of Appeals of Alabama.

Oct. 13, 1964.

Jas. L. Hunt, Tuscumbia, for appellant.

Richmond M. Flowers, Atty. Gen., and Murray W. Beasley, Tuscumbia, for appellee.

JOHNSON, Judge.

This is an appeal from an order granting a motion to dismiss the appellant's petition for a writ of habeas corpus. The appellant was imprisoned on November 4, 1963, under a decree of the Colbert Law and Equity Court of Colbert County, adjudging him in contempt for failure to pay alimony and committing him to custody of the sheriff until he purged himself of contempt. Thereafter, the appellant filed a petition for writ of habeas corpus in the same court, alleging that the court was without jurisdiction in that the appellant (petitioner) does not possess the financial means to meet the requirements of the decree and, further, that inasmuch as the petitioner is financially unable to pay any sum of money to purge himself of contempt his detention is unlawful.

On February 6, 1964, at the time the writ was returnable, Lela M. Stone, the adverse party, filed a motion to dismiss the petition for writ of habeas corpus. The court's ruling on the motion was as follows:

"Judgment Entry

"* * * February 6, 1964. Came the petitioner, James Stone, with his attorney and also came an adverse party, Lela M. Stone, with her attorney and the adverse party, Lela M. Stone, files motion to dismiss the petition and said motion is by the court granted and affirmed. * * *"

The record contains only the above reference to a ruling on the motion. Such language does not constitute a judgment that will support an appeal under Sec. 369, Tit. 15, Code of Alabama, 1940. The cases from our appellate courts are uniform to the effect that only a formal adjudication by the court will support an appeal or assignment of error. Mickwee v. Boteler, 265 Ala. 544, 93 So.2d 151, and cases there cited.

Were this matter properly before us for review, we would be constrained to

hold that the evidence presented in the court below established that the appellant was financially unable to comply with the decree requiring him to pay alimony and, therefore, the appellant was entitled to be discharged from custody. Ex parte Gunnels, 25 Ala.App. 577, 151 So. 605; Robertson v. State, 20 Ala.App. 514, 104 So. 561.

For the reason heretofore mentioned, this appeal is dismissed. This is, of course, without prejudice to the bringing of another petition.

Appeal dismissed.