Ingela Idfors **MANER**, Appellant,

v.

Pitt Tyson **MANER**, Jr., Appellee.

No. 25650.

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1968.

Jack Crenshaw, Montgomery, Ala., for appellant.

Charles M. Crook, Lea Harris, Montgomery, Ala., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

AINSWORTH, Circuit Judge:

This diversity suit was brought in an Alabama federal court by a wife against her husband to enforce an alimony [1] decree secured in a Florida state court. From an adverse ruling denying enforcement of the Florida decree, the wife has appealed.

On April 6, 1964, appellant Mrs. Maner obtained a decree from a Florida state court which ordered her husband, appellee, to pay her alimony in monthly installments of $350 for herself and child. On June 16, 1967, the amount of the installments was increased by the same court to $600 per month. Appellee is in default in payment of alimony due under both decrees, and appellant initiated this action in the Federal District Court in Alabama, where appellee currently resides, to recover past and future alimony payments. The District Court denied relief to Mrs. Maner on the ground that the Florida state decrees, insofar as they pertain to accumulated arrears of alimony, could be modified by that court until actually reduced to a specific money judgment, and accordingly that those decrees were not entitled to full faith and credit in Alabama under the Constitution, Art. IV, § 1.[2]  Subsequently, appel-

---

1. Sometimes referred to by the parties and especially by the District Judge as "separate maintenance," apparently because the wife's Florida state court complaint was filed under the provisions of Florida Statutes, Sec. 65.09, F.S.A., which authorizes an award of "alimony" without seeking a divorce upon the complaint filed.

2. Mrs. Maner had already secured a judgment for $5,984 on June 16, 1967—when

the original order was modified and monthly alimony increased—for past due amounts to that date. The Federal District Judge also considered that the original suit should be dismissed without prejudice since only $5,984 of the wife's claims had been reduced to a final judgment, and the jurisdictional amount was therefore lacking. See judgment dated May 1, 1968 in Docket No. 26267 of this Court, entitled Maner v. Maner.

lant returned to the Florida State Court and obtained a specific judgment on February 2, 1968 for the further sum of $5,949.83—the amount of the accrued arrearages to that date. Thereafter, appellant filed a new suit in the Federal District Court in Alabama to enforce the Florida money judgment, and she was successful in obtaining judgment in the total amount of $11,933.83 ($5,984.00+$5,949.83).

There are two principal issues for decision. First, may a federal district court sitting in Alabama enforce a foreign (Florida) alimony decree which requires installment payments *in futuro?* Second, whether the question of past due alimony is now moot by virtue of the judgment of the Alabama Federal Court for total arrears of alimony.

█ In regard to the enforcement of the Florida State Court alimony decree as to future installments, the full faith and credit clause does not require Alabama courts to enforce that decree since it is not final and may be modified as circumstances require. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910). However, as a matter of comity, Alabama courts may enforce a foreign alimony decree requiring future payments, but in this respect the Federal District Court, sitting in effect as an Alabama court in a diversity case, is bound by Alabama law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Green v. Green, 239 Ala. 407, 195 So. 549 (1940), the Supreme Court of Alabama expressly adopted the *Sistare* rule and indicated that Alabama courts would not enforce foreign alimony decrees as to installments not yet accrued. In Ives v. Ives, 247 Ala. 689, 26 So.2d 92 (1946), the Alabama Supreme Court refused to enforce a Florida alimony decree even as to accrued installments because the sums involved were indefinite, being subject to modification. Hence, where, as here, the Florida state courts have the power to modify the alimony installments before they become due (Section 65.15 of the Florida Code, F.S.A., expressly codifies

this power), Alabama law will not permit enforcement of that foreign alimony decree. Thus the District Court acted properly in denying enforcement of the Florida alimony decree *in futuro.*

█ In regard to the enforcement of the Florida alimony decree with respect to installments previously due but unpaid, the full faith and credit clause, Const., Art. IV, § 1, normally would require Alabama courts to enforce that decree unless it were subject to retroactive modification in the state where it was entered. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910).

The District Judge, citing the Florida Supreme Court decision in Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946), held that Florida law permitted retroactive modification of past due payments under a decree for separate maintenance, though he held that accrued installments of "alimony" are not subject to modification as to past due installments in Florida under the holding of the Florida Supreme Court in Andruss v. Andruss, 144 Fla. 641, 198 So. 213 (1940). The District Court considered the accrued installments in the instant case as "separate maintenance." On the other hand, the later case of English v. English, Fla. App. 1960, 117 So.2d 559, by a Florida District Court of Appeal, specifically held that past due alimony payments were vested rights not subject to modification by Florida courts even where the financial position of the husband had significantly changed. The Florida appellate court in *English* used the terms "alimony" and "separate maintenance" interchangeably though it is clear from reading the court's opinion that the installments were due under a final decree which the court said awarded the wife "separate maintenance." We find it unnecessary to pass on this somewhat unclear question of Florida law because all issues in respect to past due payments have been rendered moot by virtue of the later suit filed in the Federal District Court in which that court enforced a Florida state court judgment as to accrued arrearages.

In the newly filed suit in the Federal District Court, the appellant was awarded a judgment for the full amount of the alimony payments then in arrearage. A reversal of the earlier Federal District Court decision (on review here) which denied enforcement could achieve no more, for appellant has already obtained the relief she is seeking on this review. As Mr. Chief Justice Vinson stated in Amalgamated Ass'n, etc. v. Wisconsin Employment Relations Board, 340 U.S. 416, 418, 71 S.Ct. 373, 375, 95 L.Ed. 389 (1951), " 'A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it. * * * ' St. Pierre v. United States, 1943, 319 U.S. 41, 42, 63 S.Ct. 910, 911 [87 L.Ed. 1199]."

Affirmed.