This is a divorce case. The husband appeals.
The parties separated in South Carolina in 1968. On October 9, 1968, the wife obtained an order from the Juvenile and Domestic Relations Court of Greenville, South Carolina requiring the husband to pay a weekly sum of $46.35 into the court for the support of two minor children. In 1970 the husband obtained a decree of divorce from the wife in North Carolina. In 1971 a South Carolina court declared the North Carolina decree void. The husband, in the interim, had married another and established a residence in Alabama. In 1973 the wife secured a judgment for $190 per month in Jefferson County, Alabama against the husband under the Uniform Reciprocal Non-Support Act. The husband brought suit for divorce against the wife in Jefferson County in 1976. The wife, a resident of South Carolina, answered and filed a counterclaim seeking judgment for the accumulated unpaid sums due under the order for support of the South Carolina Domestic Relations Court entered October 9, 1968. She further asked for alimony and support in the event divorce was granted.
The court heard the case orally upon petition, answer and counterclaim. It found, after all credits, that there was due under the South Carolina order the amount of $8,752. Judgment was entered in that sum. Divorce was granted and the wife was awarded monthly alimony of $125 and support *Page 371 
for the minor child in the amount of $125 per month. The alimony was to increase to $200 per month after the child attained majority. Attorney fees of $1,000 were awarded the wife.
The first issue presented by the appeal is whether the order of the South Carolina Domestic Relations Court for weekly support of minor children may be reduced to a cumulative money judgment.
The order of the South Carolina court is a part of the record in this case. An examination of the order leads to Title 15, Chap. 7, Article 5 of the South Carolina Code of 1962. Article 5 relates to the family court. It confers upon that court jurisdiction within the county to compel the support of a wife and child. Section 15-1221. It grants the court power in the exercise of its jurisdiction to order support and to make the order run until modified or until the child becomes twenty-one years of age. Section 15-1225. The court may require respondent to give bond with sureties to insure compliance with the order. Section 15-1264. If there is default the court may enter judgment for the amount in default and the judgment becomes a lien on the respondent's real estate. All sums collected shall be applied by the court clerk to the support of those for whose benefit the order was made. Sections 15-1266 to 1268. If there is a failure to comply with the order of support, the court may issue a warrant for the arrest of the respondent and commit him to jail until the order is obeyed but in no event longer than twelve months. Section 15-1256.
We have been cited no case construing these provisions of the South Carolina Code. In fact, we were not cited by counsel to the appropriate statutes. Our research discloses authority in the decisions of the Supreme Court of South Carolina which hold that weekly support payments ordered by the family court are cumulative and judgment may be rendered at a hearing for contempt for the total of those payments that have become due.Bigham v. Bigham, 264 S.C. 101, 212 S.E.2d 594 (1975). The statement of the facts in the opinion of the court in the cited case indicate that a prior order of the family court for weekly support was calculated for arrearage and judgment rendered in a subsequent divorce hearing. Thus we are satisfied, both from the provisions of the statutes and from the decisions of the courts, that unpaid support payments accumulate and judgment may subsequently be entered for those unpaid.
A second issue presented is correlated to the first; that is, may an Alabama court entertain a petition to determine arrearage under the South Carolina order for support and render judgment thereon?
It is appellant's contention that an Alabama court cannot render judgment on the South Carolina order because the order was modifiable by the South Carolina court and thus not final.
It is the law of this state and others in applying the Full Faith and Credit Clause of the Federal Constitution that a judgment of one state must be final to require full faith and credit from another state. Green v. Green, 239 Ala. 407,195 So. 549 (1940); Fowler v. Fowler, 45 Ala. App. 354,230 So.2d 744 (1970). It is the law of South Carolina that though support payments decreed may accumulate if unpaid and judgment rendered thereon, in actions to enforce such decrees, a court of equity has the power upon proof of equitable circumstances to modify the decree, even to payments which have already accrued. Bighamv. Bigham, supra; Grossman v. Grossman, 242 S.C. 298,130 S.E.2d 850 (1963); Jeter v. Jeter, 193 S.C. 278, 8 S.E.2d 490
(1940). Therefore, orders for payment of support in South Carolina are not final judgments and do not become final even after they are past due. They are not required to be extended full faith and credit in Alabama until reduced to final judgment by a court of South Carolina.
Does what we have said require reversal of the judgment of the trial court? We do not so hold. Instead, in the absence of any known previous decision by the supreme court of this state, we hold that though past-due payments were not final *Page 372 
judgments and due full faith and credit, the circuit court was at liberty to entertain the wife's counter-claim, hold a hearing and determine the amount of arrearage due as a matter of comity. We conceive of no reason why the Alabama court could not hear and consider any equity that defendant offered as a reason for modification or for non-payment. The record discloses that it did in fact do so and gave credit for the sums paid under the reciprocal non-support judgment, and considered the obligation ended as the children became of age.[1]
As the husband invoked the jurisdiction of the Alabama court of equity to secure a divorce, no sound reason appears why all claims and liability should not be enforced against him. It is coincidental that the Supreme Court of South Carolina came to the same conclusion when the assistance of the South Carolina court was sought to collect accrued and unpaid alimony payments due under an Ohio divorce decree in Grossman v. Grossman,supra.
The last two issues stated in brief to be presented for review relate to the award of alimony and attorney fees. Neither issue was sufficiently argued in brief to require our consideration. Rule 28, ARAP. In any event, there was more than sufficient evidence to support the award. There could be no abuse of the discretion of the trial court under such circumstances. Jernigan v. Jernigan, 344 So.2d 778
(Ala.Civ.App. 1977); Shell v. Shell, 48 Ala. App. 668,267 So.2d 461 (1972).
In response to the request of the wife, we grant her $500 for attorney fees on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Though there is discussion in brief as to whether the court should have considered the minority of the child ended at an earlier date, such was not a stated issue and no South Carolina authority was authenticated.