U.S. AXMINSTER, INC.,
Plaintiff/Counter–
Defendant,

v.

Calvin B. CHAMBERLAIN, Jr.,
Defendant/Counter–
Plaintiff.

Civ. A. No. 4:95cv332–D–B.

United States District Court,
N.D. Mississippi,
Greenville Division.

Oct. 22, 1997.

Herbert C. Ehrhardt, E. Barney Robinson III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for U.S. Axminster, Inc.

L. Carl Hagwood, R. Brittain Virden, Campbell, DeLong, Hagwood & Wade, Greenville, MS, Valarie A. Cavanaugh, William E. Kerstetter, Santa Barbara, CA, for Calvin B. Chamberlain, Jr.

### MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before this court is the Defendant's "Objection to Magistrate's Order Denying Motion to Reopen Discovery." Having considered said objection and the opposition thereto, the court is of the opinion that the objection is not well-taken and should be overruled.

I.   Factual and Procedural Background

This dispute concerns axminster carpet loom technology. Axminster carpet is a type of floor covering in which the pattern is sewn into the carpet rather than stamp-dyed onto it. The Plaintiff U.S. Axminster, Inc., ("Plaintiff" or "U.S. Axminster") manufactures this type of carpet, and the Defendant Calvin B. Chamberlain, Jr., ("Defendant" or "Mr. Chamberlain") is a former employee of the Plaintiff. For a number of years, the Plaintiff and the Defendant worked together developing a new type of axminster carpet loom, which the parties refer to as the "computerized axminster loom."[1] This dispute began when the Defendant left the Plaintiff's employ and allegedly shared trade secrets concerning the loom with the Plaintiff's competitors.

The issue this court addresses specifically in this opinion is the Defendant's desire to reopen discovery. Reopening discovery is necessary, the Defendant argues, because the Plaintiff disclosed a "highly relevant" document after the discovery deadline expired. Memorandum of Authorities in Sup-

---

1. The parties use other labels as well, such as "651 Loom" and "C.A.L." Also, in its complaint the plaintiff uses the phrase "Secret Process and Equipment."

port of Defendant's Objection, at 9; *see U.S. Axminster, Inc. v. Chamberlain,* Civil Action No. 5:95cv332–D–B (N.D.Miss. Apr. 14, 1997) (extending discovery deadline to August 22, 1997). The document, which the Plaintiff disclosed on August 29, 1997, one week after the discovery deadline expired, is entitled "Confidentiality Agreement." U.S. Axminster and its competitor Brintons, Limited (Brintons) formed the agreement on June 24, 1996, during negotiations regarding the possible purchase of U.S. Axminster by Brintons. In the agreement, Brintons agreed to keep confidential any confidential information which Brintons obtained during the negotiations. Included in the agreement's definition of "information" was the term "trade secrets." The Defendant argues he is entitled to depose U.S. Axminster's president, Samuel H. Silver, as well as two representatives of Brintons, Michael Brinton and Alan Folwell, about the agreement and the extent to which U.S. Axminster shared trade secrets concerning the computerized axminster loom with Brintons. In addition to the reopening of discovery, the Defendant seeks attorney's fees, expenses and costs for the Plaintiff's failure to disclose the agreement on a timely basis.

The Defendant initially filed "Defendant's Motion to Re–Open Discovery, Sanctions and Attorney's Fees" with Magistrate Judge Eugene M. Bogen. By order dated September 10, 1997, Judge Bogen denied the Defendant's motion. *U.S. Axminster v. Chamberlain,* Civil Action No. 5:95cv332–D–B (N.D.Miss. Sept. 10, 1997) (Order denying "Defendant's Motion to Re–Open Discovery, Sanctions and Attorney's Fees"). Now the Defendant asks this court to set aside Judge Bogen's denial. This court may modify or set aside a Magistrate Judge's order on a non-dispositive matter, such as the one at bar, only if it finds the order "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## II. Discussion

■■■ The Uniform Civil Justice Expense and Delay Reduction Plan (Uniform Plan) requires a party asserting a claim to disclose, *inter alia,* "a copy of all documents ... in the possession, custody, or control of the party that are relevant to the claims asserted...." Uniform Plan § 4(I)(A)(1)(b). The Uniform Plan also imposes a continuing "duty to supplement or correct the disclosure to include information thereafter acquired." Uniform Plan § 4(I)(A)(8). Where the party fails to disclose a relevant document, Federal Rule of Civil Procedure 37 provides,

> A party that without substantial justification fails to disclose information required by [the Uniform Plan][2] shall not, *unless such failure is harmless,* be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions ... [including] reasonable expenses....

Fed.R.Civ.P. 37(c)(1) (emphasis added).[3] Whether a failure is "harmless" largely depends upon "whether the omission caused other parties to suffer prejudice...." 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 37.63 (3d ed.1997). That determination is left to the broad discretion of the court. *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995); *see also Dorey v. Dorey,* 609 F.2d 1128, 1135 (5th Cir.1980) (regarding prior version of Rule 37, stating, "The district court has broad, although not unbridled, discretion in imposing sanctions ... under Rule 37."). As the Third

---

**2.** Technically, Rule 37 refers to a party's failure to disclose under Rules 26(a). However, Rule 26(a) provides that a disclosure requirement stipulated by a local rule, such as the Uniform Plan, may supplant the requirement under Rule 26(a). Fed.R.Civ.P. 26(a)(1) ("Except to the extent otherwise stipulated or directed by order or local rule...."). In any event, for our purposes here, the Rule 26(a) requirement regarding relevant documents is identical to the Uniform Plan's requirement.

**3.** The Uniform Plan also provides sanctions for the failure to disclose. *See* Uniform Plan § 4(I)(A)(5). However, the Defendant only invokes Rule 37(c) sanctions. Further, the parties have not presented the good faith certificate which the Uniform Plan requires. Fed.R.Civ.P. 37(a)(2).

Circuit explained in *Newman,* "Rule 37 is written in mandatory terms.... Nonetheless, the rule expressly provides that sanctions should not be imposed ... if the failure to disclose was harmless. Thus, the rule does not leave district courts without discretion." *Newman,* 60 F.3d at 156.

 It was the opinion of the Magistrate Judge that the Plaintiff's failure to disclose the confidential agreement until August 29, 1997, was harmless. His reasoning was based largely on the fact that Mr. Silver alerted the Defendant to the existence of the agreement in a February 1997 deposition. Deposition of Sam Silver, at 409. Therefore, the Defendant already knew about the agreement when he deposed Mr. Brinton and Mr. Folwell in July of 1997. Since the Defendant already knew about the agreement, the Plaintiff's tardy disclosure of the agreement itself did not prejudice the Defendant during discovery. In other words, the failure to disclose was harmless. *See In re TMI Litigation Cases Consolidated II,* 911 F.Supp. 775, 816 (M.D.Pa.1996) (refusing to sanction under Rule 37(c) for failure to disclose under Rule 26 because movant had six months to prepare to cross examine witness on matter not disclosed). This court agrees. The Magistrate Judge's decision in this regard was neither clearly erroneous nor contrary to law.

The Magistrate Judge further reasoned, "the confidentiality agreement has no significance to the issues in dispute between the parties because, as deposition excerpts make clear, plaintiff never divulged any confidential information regarding the [computerized axminster loom]." That is to say, the fact that U.S. Axminster and Brintons formed a confidentiality agreement does not mean that the two ever actually shared confidential information. Indeed, the evidence in the Defendant's own exhibits shows that U.S. Axminster and Brintons never shared such information. *See, e.g.,* Objection to Magistrate's Order Denying Motion to Reopen Discovery, exh. 6, at 54. Therefore, the Magistrate Judge reasoned, the existence of the agreement is irrelevant. Again, this court agrees. The Magistrate Judge's deci-

sion in this regard was neither clearly erroneous nor contrary to law.

### III. Conclusion

Upon careful consideration of the record in this cause, the submissions of the parties, and the order of the Magistrate Judge, this court cannot say that any portion of Judge Bogen's order dated September 10, 1997, is either clearly erroneous or contrary to law. Therefore, for the reasons stated herein, as well as the reasons stated in Judge Bogen's order, this court shall overrule the Defendant's objection to that order and shall not disturb the order of the Magistrate Judge.

A separate order in accordance with this opinion shall issue this day.

